NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued May 31, 2011
Decided June 1, 2011

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-3885

UNITED STATES OF AMERICA,
　　*Plaintiff-Appellee*,

　　　　　　*v.*

JASON S. SMITH,
　　*Defendant-Appellant*.

Appeal from the United States District Court for the Eastern District of Wisconsin.

No. 10-CR-71
Rudolph T. Randa, *Judge*.

### Order

After a jury trial, Jason Smith was convicted of possessing a firearm, which his criminal history made unlawful. 18 U.S.C. §922(g)(1). He was sentenced to 60 months' imprisonment. His only appellate argument is that the district judge erred by preventing him from raising what his lawyer styled a "coercion" defense.

Smith contended, in papers filed in connection with a motion in limine, that he took two guns away from "some little guys" or "kids" who were using them (or might have used them) to rob persons living in the neighborhood, and might eventually have used to threaten Smith himself. The guns were still in his house when Smith was arrested on a different charge. Arresting officers found a third weapon—a loaded semi-automatic pistol that Smith said he owned and kept for self-protection. Later Smith changed his story and said that he had taken all three guns from the youths and owned none of

them. The district judge concluded that these facts, if established at trial, would not establish a defense of coercion.

We agree with the district judge that the circumstances narrated in Smith's filings do not imply any kind of coercion. But the word is not important. Federal criminal law recognizes other categories of lesser-evil defenses, of which duress and self-defense are examples. It is possible that, in principle, a person with a felony conviction would be entitled to take a gun away from A to stop A from shooting B, even though this meant that the felon would possess the weapon briefly.

One component of these lesser-evil defenses, however, is that the person desist from otherwise-unlawful conduct as soon as circumstances permit. Usually this means turning oneself (and, here, the weapons) in to the police, in order to demark the end of the otherwise-unlawful conduct. See, e.g., *United States v. Bailey*, 444 U.S. 394 (1980). Smith did not surrender the guns to the police as soon as possible after taking them from the youths; his possession lasted at least two weeks, and perhaps several months, until his arrest on other charges. We held in *United States v. Kilgore*, 591 F.3d 890, 893–94 (7th Cir. 2010), that even one hour's delay is too long. Smith also did not contend that he acted to avoid an imminent danger, to himself or anyone else. A general desire for self-protection or a wish to live in a safer neighborhood does not justify ongoing possession of a forbidden firearm. See, e.g., *United States v. Sawyer*, 558 F.3d 705, 711 (7th Cir. 2009); *United States v. Tanner*, 941 F.2d 574, 587–88 (7th Cir. 1991).

Smith contends that he ended any unlawful possession of the guns by turning them over to his mother. Yet the guns were found in places to which Smith had ready access. Even if we assume for the sake of argument that handing weapons to one's mother (but leaving them handy) is the same as surrendering them to the police, the record does not support Smith's position. He did not make an offer of proof, see Fed. R. Evid. 103(a)(2), about what testimony he and his mother would have given had the judge allowed this line of defense. Any contention that Smith transferred possession to his mother ended immediately after taking the guns from the youths therefore has not been preserved for appellate review.

AFFIRMED